**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera, Esq. (SBN 192390)
Raymond E. Brown, Esq. (SBN 164819)
Jason Y. Chao, Esq. (SBN 250735)
650 Town Center Drive
Suite 100
Costa Mesa, CA 92626
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
rbrown@aguileragroup.com
jchao@aguileragroup.com

Attorneys for Plaintiff, ST. PAUL FIRE AND MARINE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation<br><br>    Plaintiff,<br><br>    v.<br><br>CENTEX HOMES, a Nevada general partnership, CENTEX REAL ESTATE CORPORATION, a Nevada corporation; and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF;**<br><br>**JURY DEMAND** |

For its claims against Defendants CENTEX HOMES, and CENTEX REAL ESTATE CORPORATION (hereinafter referred to as "CENTEX" or "Defendant") and Does 1 through 10, Plaintiff ST. PAUL FIRE AND MARINE INSURANCE COMPANY (hereinafter, referred to as "ST. PAUL" or "Plaintiff") alleges as follows:

### **JURISDICTION**

1. Plaintiff ST. PAUL FIRE AND MARINE INSURANCE COMPANY ("ST. PAUL") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. ST. PAUL is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

1

2.     Plaintiff is informed and believes and thereon alleges that Defendant CENTEX HOMES is a general partnership existing under the laws of the State of Nevada, with its principal place of business located in the State of Texas.  Plaintiff is further informed and believes and based thereon alleges that CENTEX HOMES' only member partners are CENTEX REAL ESTATE CORPORATION and Nomas Corporation, both of whom are Nevada corporations, each with a registered office street address in Texas and a mailing address in Michigan.  Plaintiff is further informed and believes and thereon alleges that CENTEX HOMES is, and at all times relevant was, a home builder doing business in the State of California.

3.     Plaintiff is informed and believes and thereon alleges that Defendant CENTEX REAL ESTATE CORPORATION is a corporation existing under the laws of the State of Nevada, with its principal place of business located in the State of Michigan.  Plaintiff is further informed and believes and thereon alleges that CENTEX REAL ESTATE CORPORATION is, and at all times relevant was, a home builder doing business in the State of California.

4.     Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiff is unaware of the true names and capacities of said DOE defendants.  Plaintiff will amend this Complaint to reflect the true names when the same are ascertained.  Plaintiff is informed and believes and thereon alleges that said DOE defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.  All Defendants, including DOES 1 through 10 are hereinafter collectively referred to as "CENTEX".

5.     This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. The amount in controversy exceeds $75,000 and represents fees and costs sought by CENTEX from Plaintiff in connection with its defense and/or indemnification in the Underlying Action. This Court has diversity jurisdiction as Plaintiff is domiciled in Connecticut and the Defendants are domiciled in Nevada.

**VENUE**

6.     Plaintiff is informed and believes and thereon alleges that the acts and/or omissions

1  at issue in this litigation took place in this judicial district within the State of California. The
2  underlying action is pending in this judicial district. Venue, therefore, lies with this Court, as a
3  substantial part of the events which are the subject of the claims asserted herein are located and/or
4  took place in this judicial district.

## GENERAL ALLEGATIONS

### A.     The Ad Land Policies

7.     ST. PAUL issued the following commercial general liability policies under which Ad Land Venture was a named insured (hereinafter referred to collectively as the "Ad Land Policies").

| Insurer | Policy Number | Policy Period |
|---|---|---|
| St. Paul Fire and Marine Insurance Company | CK08100959 | 10/1/03-10/1/04 |
| St. Paul Fire and Marine Insurance Company | CK08100959 | 10/1/04-5/31/05 |
| St. Paul Fire and Marine Insurance Company | GLO8101434 | 6/1/06-6/1/07 |
| St. Paul Fire and Marine Insurance Company | GLO8101434 | 6/1/07-6/1/08 |

8.     Under the terms of the Ad Land Policies, ST. PAUL was given the right to retain counsel of its own choosing to represent its insured or any other additional insureds. In addition, under the terms of the Ad Land Policies, the insured and additional insureds are mandated to cooperate with ST. PAUL with regard to all aspects of their coverage, including any defense afforded under the policy. The Ad Land Policies contain the Commercial General Liability Protection Form 47500 (Ed. 01/01) which specifically provides in part as follows:

> **What This Agreement Covers**
>
> **Bodily injury and property damage liability.**
>
> We'll pay amounts any protected person is legally required to pay
> as damages for covered bodily injury or property damage that:
> - Happens while this agreement is in effect; and
> - Is caused by an event.
>
> *Protected person* means any person or organization that qualifies
> as a protected person under the Who is Protected Under This

3

*(Mirando)*

Case No.:
COMPLAINT

Agreement section.

. . .

**Right and duty to defend a protected person.**

We'll have the right and duty to defend any protected person against a claim or suit for injury or damage covered by this agreement. We'll have such right and duty even if all of the allegations of the claim or suit are groundless, false, or fraudulent. But we won't have a duty to perform any other act or service.

B. <u>**The Underlying Action**</u>

9. On or about October 22, 2014, various homeowners of single family homes located within the La Cima and Villa Bella developments located in El Dorado Hills, California filed a Notice of Claim Pursuant to California Civil Code § 895, et seq. alleging a variety of construction defects (the "Underlying Action").

10. On or about November 7, 2014, CENTEX, by and through its legal representative, Newmeyer & Dillion, tendered the Underlying Action to ST. PAUL as an additional insured under the Ad Land Policies.

11. On November 12, 2014, ST. PAUL acknowledged receipt of CENTEX's tender and sent correspondence to CENTEX immediately agreeing to fully and completely defend CENTEX in the Underlying Action as an additional insured under some or all of the Ad Land Policies, subject to a reservation of ST. PAUL's rights and defenses under the policies. At that time ST. PAUL also advised CENTEX that it was asserting its right to retain counsel of its choosing and was appointing Mr. David Lee of the law firm of Lee, Hernandez, Landrum, Garofalo & Blake to represent and defend CENTEX in the Underlying Action.

12. ST. PAUL is informed and believes that CENTEX has refused, will refuse, and is continuing to refuse to accept counsel appointed by ST. PAUL and is demanding independent counsel to defend it in the Underlying Action. Said refusal is in material breach of the subject insurance policies, and the implied covenant of good faith and fair dealing.

///

///

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

**(By Plaintiff Against All Defendants)**

13. Plaintiff hereby re-alleges and incorporates by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

14. An actual, present, and justiciable controversy has arisen and now exists between ST. PAUL, on the one hand, and the Defendant CENTEX on the other, concerning ST. PAUL's rights, duties, and obligations under the Ad Land Policies.

15. Specifically, ST. PAUL contends and is informed and believes that CENTEX disputes the following:

   a. ST. PAUL contends that under the Ad Land Policies it has the right to control the defense of Defendant CENTEX in the Underlying Action and therefore, has the right to appoint counsel of its own choosing in the action.

   b. ST. PAUL also contends that Defendant CENTEX is not entitled to the appointment of independent counsel under California Civil Code § 2860.

   c. ST. PAUL also contends that to the extent that Defendant CENTEX refuses to acknowledge that ST. PAUL has the right to control the defense and select counsel and it insists that ST. PAUL continue to pay the fees and costs of its personal counsel it will be in breach of its duty to cooperate under the Ad Land Policies and therefore CENTEX would not be entitled to coverage under the policies.

   d. In addition, ST. PAUL contends that pursuant to the no-voluntary payments clause in the Ad Land Policies, ST. PAUL is not obligated to pay any fees and costs incurred by CENTEX's personal counsel subsequent to the date that ST. PAUL appointed counsel of its choosing in the Underlying Action.

16. Plaintiff has no complete and adequate remedy at law to resolve these disputes. Plaintiff seeks a judicial resolution of the controversy and a declaration of the following: (1) that ST. PAUL has the right to control the defense of CENTEX in the Underlying Action; (2) that Defendant CENTEX is not entitled to the appointment of independent counsel under California

Civil Code § 2860; (3) that to the extent that Defendant CENTEX refuses to acknowledge that ST. PAUL has the right to control the defense and select counsel and it insists that ST. PAUL continue to pay the fees and costs of its personal counsel it will be in breach of its duty to cooperate under the Ad Land Policies and therefore CENTEX would not be entitled to coverage under the policies; and (4) that pursuant to the no-voluntary payments clause in the Ad Land Policies, ST. PAUL is not obligated to pay any fees and costs incurred by CENTEX's personal counsel subsequent to the date that ST. PAUL appointed counsel of its choosing in the Underlying Action.

17. By reason of the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations as between ST. PAUL and CENTEX may be determined under the provisions of the applicable policies of insurance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a declaration of this Court of the following: (1) that ST. PAUL has the right to control the defense of CENTEX in the Underlying Action; (2) that Defendant CENTEX is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that to the extent that Defendant CENTEX refuses to acknowledge that ST. PAUL has the right to control the defense and select counsel and it insists that ST. PAUL continue to pay the fees and costs of its personal counsel it will be in breach of its duty to cooperate under the Ad Land Policies and therefore CENTEX would not be entitled to coverage under the policies; and (4) that pursuant to the no-voluntary payments clause in the Ad Land Policies, ST. PAUL is not obligated to pay any fees and costs incurred by CENTEX's personal counsel subsequent to the date that ST. PAUL appointed counsel of its choosing in the Underlying Action.

2. For costs of suit herein; and

3. For such other and further relief as this Court deems just and proper.

///

///

///

///

## JURY DEMAND

ST. PAUL hereby demands a trial by jury pursuant to Fed. R. Civ. Proc. 38(b).

Dated: November 12, 2014     **THE AGUILERA LAW GROUP, APLC**

A. Eric Aguilera, Esq.
Raymond E. Brown, Esq.
Jason Y. Chao, Esq.
Attorneys for Plaintiff ST. PAUL FIRE AND MARINE INSURANCE COMPANY